# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNIE RIOS,<br>    Plaintiff | CIVIL DOCKET |
| VERSUS | NO. 17-8260 |
| OFFICE DEPOT, INC., ET AL.,<br>    Defendants | SECTION: "E" |

## ORDER AND REASONS

Plaintiff filed suit in this case on May 3, 2017 in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana.[1] On August 25, 2017, Defendant Office Depot, Inc. ("Office Depot") removed the case to the Eastern District of Louisiana.[2] Concerned with whether the necessary amount in controversy was met, the Court held a telephone status conference with the parties on September 1, 2017 to discuss jurisdiction.[3] During the status conference, the Court advised Plaintiff's counsel that if Plaintiff filed an affidavit stipulating that her damages would not exceed $75,000 and that she would renounce any judgement in state court that exceeded $75,000, the Court would consider the affidavit in its jurisdictional analysis. On September 8, 2017, Plaintiff filed a binding affidavit stipulating that it is a legal certainty she will not be able to recover more than $75,000.[4] The Court finds Plaintiff's affidavit is sufficient to demonstrate that it is a "legal certainty" Plaintiff will not be able to recover damages beyond the jurisdictional amount. For the reasons that follow, this action is hereby remanded to the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana.

---

[1] R. Doc. 1-2.
[2] R. Doc. 1.
[3] R. Doc. 6.
[4] R. Doc. 7.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On May 3, 2017, Plaintiff filed a lawsuit in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana.[5] Plaintiff alleges personal injuries as a result of being shoved into a counter at Office Depot when two Office Depot employees had a physical altercation.[6] In her original petition, Plaintiff does not specify the amount of damages she is claiming. Instead, Plaintiff alleges that, as a result of this incident and resulting injuries, she sustained damages as follows: (1) Past, present, and future pain and suffering; (2) Past, present, and future physical pain and suffering; (3) Past, present, and future mental anguish and suffering; (4) Past, present, and future medical and miscellaneous expenses; and (5) loss of life's pleasures and enjoyment.[7]

On August 25, 2017, Office Depot removed this case to federal court.[8] In its notice of removal, Office Depot explains, "In light of Plaintiff's claimed damages, her failure to include . . . a statement [of damages] in her prayer for relief makes it clear that more than $75,000 is at stake in this case."[9] On September 8, 2017, Plaintiff filed an affidavit stipulating that it is a legal certainty she will not be able to recover more than $75,000.[10]

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[11] Therefore, the Court has an "independent obligation to determine whether subject-matter jurisdiction

---

[5] R. Doc. 1-2.
[6] R. Doc. 1-2, at 1–2.
[7] *Id.* at 2.
[8] R. Doc. 1.
[9] R. Doc. 1, at 5, ¶ 10.
[10] R. Doc. 7.
[11] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

exists, even in the absence of a challenge from any party."[12] Federal law allows for state civil suits to be removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by [an] Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[13]

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[14] When removal is based on federal diversity jurisdiction, the removing party must show that (1) complete diversity of citizenship exists between the parties, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs[15] "The jurisdictional facts supporting removal are examined as of the time of removal."[16] "Ambiguities are construed against removal and in favor of remand because removal statutes are to be strictly construed."[17]

## **LAW AND ANALYSIS**

The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to 1332(a)(1)."[18] Because Louisiana law prohibits state-court plaintiffs from

---

[12] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).
[13] 28 U.S.C. § 1441(a).
[14] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[15] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[16] *Poche v. Eagle, Inc.*, No. 15-5436, 2015 WL 7015575, at *2 (E.D. La. Nov. 10, 2015) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)).
[17] *Poche*, 2015 WL 7015575, at *2 (citing *Manguno*, 276 F.3d at 723).
[18] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). *See also Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

claiming a specific amount of damages,[19] the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00 jurisdictional amount at the time of removal.[20] The removing defendant may meet its burden in one of two ways, either (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000.00 jurisdictional threshold, or (2) by offering "summary-judgment type evidence" of facts in controversy, which support a finding that the requisite amount is in controversy.[21]

Even if the removing defendant meets its burden in either of these ways, a plaintiff can defeat removal by showing, to a legal certainty, that its recovery will be less than $75,000.00.[22] A plaintiff's post-removal affidavit or stipulation offered for this purpose may be considered in limited circumstances. If the amount in controversy is not facially apparent from the allegations in the state court petition and, in fact, is ambiguous at the time of removal, the court may consider a post-removal affidavit or stipulation to assess the amount in controversy as of the date of removal.[23] If, on the other hand, the amount in controversy is clear from the face of the state court petition, post-removal affidavits or stipulations that purport to reduce the amount of damages a plaintiff seeks cannot deprive

---

[19] *See* LA. CODE CIV. PROC. Art. 893.
[20] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett*, 171 F.3d at 298.
[21] *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). *See also Simon*, 193 F.3d at 850; *Luckett*, 171 F.3d at 298.
[22] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995). *See also Sterns v. Scottsdale Ins. Co.*, No. 09-6449, 2010 WL 2733771, at *3 (E.D. La. July 8, 2010).
[23] *Gebbia*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Columbia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (When the affidavit "clarify[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper.). *See also Cummings v. Winn-Dixie Montgomery, LLC*, No. 15-195-SDD-RLB, 2015 WL 4772185 (M.D. La. Aug. 12, 2015); *Nelson v. Nationwide Mut. Ins. Co.*, 192 F. Supp. 2d 617, 619 (E.D. La. 2001) ("[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.").

the court of jurisdiction.[24] Looking to the pleadings, Court finds that, at the time of removal, the amount in controversy in this case was ambiguous.

Because the amount in controversy was ambiguous at the time of removal, the Court may consider a post-removal affidavit. Plaintiff's affidavit is sufficiently binding. Plaintiff's affidavit stipulates the amount in controversy is less than $75,000.00 and states that Plaintiff renounces "[her] right to recover in excess of $75,000.00 [in] the event that [she is] awarded above $75,000.00" in state court.[25] A plaintiff's stipulation regarding the amount in controversy is binding "if, within that stipulation, [she] expressly renounced [her] right to recover in excess of $75,000.00 in the event [she were] awarded above that amount in state court."[26] In this case, Plaintiff has (1) expressly stipulated, by way of a binding affidavit, that the amount in controversy does not exceed $75,000.00, (2) waived any damages over $75,000.00, and (3) agreed to not enforce a judgment in which more than $75,000.00 is awarded.[27] As a result, the Court finds it is without jurisdiction to hear this matter. Remand is warranted.

## CONCLUSION

For the foregoing reasons;

---

[24] *Gebbia*, 233 F.3d at 883.
[25] R. Doc. 1, ¶ 3.
[26] *McGlynn v. Huston,* 693 F. Supp. 2d 585, 593 (M.D. La. 2010). *See also Cummings*, 2015 WL 4772185, at *4; *Guidry v. Murphy Oil USA, Inc.*, No. 12-559-SDD-RLB, 2013 WL 4542433, at *7 (M.D. La. Aug. 27, 2013); *Printworks, Inc. v. Dorn. Co., Inc.*, 869 F. Supp. 436, 440 (E.D. La. 1994) (stipulations which "fall short of stipulating that the claimant will not seek more than the jurisdictional amount" are not binding). *See also Latiolais v. Union Pacific R. Co.*, No. 6:14-2582, 2014 WL 6455595, at *2 (W.D. La. Nov. 12, 2014); *Smith v. State Farm Mut. Aut. Ins. Co.*, No. 09-6522, 2010 WL 3070399, at *2 (E.D. La. Aug. 3, 2010) ("Ambiguity over the amount in controversy was created by the pre-removal petition's allegation that the claims would likely exceed that amount. Through binding affirmative post-removal affidavits attached to the second remand motion, plaintiffs have met their burden of clarifying with legal certainty that their claims at the date of filing in state court are for less than the diversity jurisdictional amount. Therefore, remand is warranted.").
[27] *See* R. Doc. 7.

**IT IS ORDERED** that this case is hereby remanded to the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana.

**New Orleans, Louisiana, this 11th day of September, 2017.**

*Susie Morgan*
_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**